JAMES C. CLEMENT, Plaintiff in Error, *v.* FRANKLIN C. BUSHWAY *et al.,* Defendants in Error.

### ERROR TO MONTGOMERY.

This court, though unwilling to disturb the finding of a jury, will still reverse a judgment which is manifestly unsupported by the evidence.

THIS was an action of assumpsit on a note of the defendants, Bushway, Eccles and Gunning, to the plaintiff, 5th November, 1858, at six months date, for $200. Plea of non-assumpsit, and following notice by defendants:

"And they will further insist upon and prove, that on the day and year aforesaid, and at the county and State aforesaid, and before the execution of the said promissory note, the said plaintiff, in consideration that the said defendants, Eccles and Gunning, would make and execute said note with said Bushway, the said plaintiff undertook, and faithfully promised the said defendants, Eccles and Gunning, that he, the said plaintiff, would, within a certain reasonable time thereafter, send and forward to the said Eccles and Gunning, at Hillsboro, Illinois, a large amount of marble for gravestones and monuments, with trimmings and fixtures therefor, to the amount of two hundred dollars, and the said defendants, Gunning and Eccles, made and delivered the said note upon the consideration and no other. And they will further prove, that the said plaintiff does not within such reasonable time, nor has he yet forwarded the marble aforesaid, or any part thereof, to the said Eccles and Gunning, but he has wholly neglected and refused so to do. And therefore the consideration of said note has wholly failed."

The evidence is sufficiently stated in the opinion. Verdict and judgment for defendants.

MUNN & SMITH, for Plaintiff in Error.

WALKER, J. It appears by the evidence, that Gunning and Eccles executed a note to Clement, and that the consideration of that note was a quantity of marble which the payee was to ship to them by railroad. They were to sign the note as securi-

Clement *v.* Bushway et al.

ties of Bushway, who was to work up the marble when thus sent. On the trial below, the books of the railroad were produced and read in evidence, from which it appeared, that no marble had been received at that point, directed to Eccles and Gunning, but a lot had been received, marked in the name of Clement, but there was no evidence to show to whom it was delivered, or that it ever came to their hands or to Bushway. As the note was given before the delivery of the consideration, and as the plaintiff failed to show that it was ever delivered, and as the evidence adduced by the defendants tended to show that it was not delivered, in the mode agreed upon by the parties, the court below was warranted in finding that the consideration of the note in regard to which the witness testified, had failed.

But the question is still presented, whether the note sued upon is the same that the witness Haskell spoke of in his evidence. He testified that the note was executed by two of these makers ; that he was unable to say that Bushway was even present at the time it was given, but inclines to the opinion that he was, and knows he was spoken of at the time ; that he did not see the note, and does not know that he ever signed it. But he knows that Eccles and Gunning did execute it. That the note then given, he thinks was for one hundred and fifty dollars, but that it might have been for two hundred. He does not testify as to the time the note had to run before its maturity. When we consider the indefinite and uncertain character of this evidence we are compelled to say, that it is certainly slight, to identify the note spoken of by the witness as that sued upon in this case.

The evidence tends to show that the note of which the witness testified was for a different sum, given by a part only of the makers of this, and fixes no other corresponding circumstance except that it was executed in October or November. This note sued on bearing date the fifth of the latter month, is a circumstance tending to identify the note, but unsupported by other evidence, is insufficient. The fact that only two of the makers of this note executed the one spoken of by the witness, rather rebuts than supports the presumption that it is the same. We are unable to see in this evidence enough of circumstances to enable us to say, that this note is the one spoken of by the witness, and however much we may be disinclined to disturb the finding of a jury or the court trying the issue, unless it is clearly against the weight of evidence, we are of the opinion that the evidence in this case is too slight, to establish the identity of the note sued on, as that of which the witness testified.

The judgment of the court below is therefore reversed, and the cause remanded.

*Judgment reversed.*